1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 JOSE MANUEL GUTIERREZ,     )   Civil No. 11cv2365 JLS (NLS)
)
Petitioner,   )  **REPORT AND RECOMMENDATION**

12 v.     )  **FOR ORDER GRANTING MOTION TO**
)  **DISMISS AND DISMISSING PETITION**

13 GREG LEWIS, Warden,   )  **WITH PREJUDICE**
)

14 Respondent.   )  [Doc. No. 8]
)

15

16

17     Jose Manuel Gutierrez is a California prisoner serving a term of 15 years to life, plus 13 years

18 and eight months, for murder and related offenses.  Through counsel, he filed this Petition for Writ of

19 Habeas Corpus ("Petition") under 28 U.S.C. § 2254.  Gutierrez claims that he was deprived of his sixth

20 and fourteenth amendment rights to effective assistance of counsel at his 1994 trial.  Pet'n at 1, 6.  He

21 alleges his counsel failed to present testimony that showed his girlfriend's red Ford Mustang--from

22 which the prosecution said he did the shooting--was impounded and searched, and that no evidence of

23 bullets or casings were found in the car.

24     Respondent filed a motion to dismiss the Petition as time barred under 28 U.S.C. § 2244(d).

25 Petitioner filed an opposition, arguing that he is entitled to a later start date of the statute of limitations

26 because he did not discover the basis of his claim until March 2011, and alternatively, because he is

27 entitled to equitable tolling.  After thorough review, the court **RECOMMENDS** that the motion to

28 dismiss be **GRANTED** and that the Petition be dismissed **with prejudice**.

1                                    **PROCEDURAL HISTORY**

2  **The Conviction.**

3          On August 22, 1994, Gutierrez was convicted of murder, discharging a firearm at an occupied

4  vehicle, and possessing a firearm as an ex-felon.  Lodgment 1 at 153-154.  His trial counsel moved for a

5  new trial.  Lodgment 1 at 202.  The motion was denied, and Gutierrez was sentenced to 15 years to life,

6  plus 10 years and eight months.  Lodgment 1 at 230-231.

7  **The Direct Appeal.**

8          Gutierrez appealed, arguing that the trial court erred by (1) allowing tainted in-court

9  identifications of Gutierrez, (2) failing to sua sponte instruct the jury on CALJIC no. 17.01, and (3)

10  sentencing errors.  Lodgment 2.  The People raised their own sentencing issue on appeal.  Lodgment 3 at

11  28.  The California Court of Appeal affirmed the conviction but remanded to address the People's

12  sentencing issue.  Lodgment 5.  On remand, the trial court added three years to the sentence, for a total

13  of 15 years to life, plus 13 years and eight months.  Lodgment 6 at 39.

14          On a second appeal from the remand, appellate counsel filed a brief pursuant to *People v. Wende*,

15  25 Cal. 3d 436 (1979).  Lodgment 7.  The court gave Gutierrez an opportunity to file his own brief.

16  Lodgment 8.  He did not.  Lodgment 9 at 2.  The court affirmed the conviction and sentencing.

17  Lodgment 9.  Gutierrez did not file a petition for review with the California Supreme Court.

18  **Petitions for Collateral Review.**

19          **1.      State Habeas Corpus Petition in California Court of Appeal.**

20          On June 15, 2011, Gutierrez, through counsel, filed a habeas corpus petition in the Court of

21  Appeal, claiming ineffective assistance of trial counsel.  He argued that trial counsel failed to present

22  testimony that the police impounded his girlfriend's red Ford Mustang--from which the prosecution said

23  the shooting took place--and that no evidence of any bullets or casings were found.  Lodgment 10.  The

24  court denied the petition, saying that even if Gutierrez could show his counsel's performance was

25  objectively unreasonable, he could not show prejudice under a test of reasonable probability of a

26  different outcome.  Lodgment 11.

27          **2.      State Habeas Corpus Petition in California Supreme Court.**

28          On July 19, 2011, Gutierrez filed a petition for review in the California Supreme Court for the

1    ineffective assistance of counsel claim.  Lodgment 12.  On September 21, 2011 the court denied the

2    petition without comment.  Lodgment 13.

3            **3.        Federal Habeas Corpus Petition in District Court.**

4            On October 13, 2011 Gutierrez, through counsel, filed this Petition.  He alleges the same

5    ineffective assistance of counsel claim raised in the state habeas.

6            The only underlying fact pertinent to this motion, for purposes of understanding Gutierrez's

7    claim, is that some of the evidence presented at trial included identification of Gutierrez driving his

8    girlfriend's car on the night of, and at the time of, the shooting.  *See* Lodgment 5 at 2-8.  The car in

9    question was a red Mustang with a black convertible top.  *Id.*

10           In this Petition, Gutierrez argues that it was not until March 7, 2011 that he obtained grand jury

11   transcripts from his proceedings.  While reviewing those transcripts he discovered allegedly exculpatory

12   evidence.  The evidence is that the car from which the shots were allegedly fired was--28 days after the

13   shooting--impounded by police, and no bullets, casings or other evidence of the shooting were found.

14   Lodgment 11 at 2.

15           Gutierrez argues that this recent discovery of evidence is a basis for deeming his Petition timely,

16   because it entitles him to either a later start date for the statute of limitations, or to equitable tolling.

17                                          **DISCUSSION**

18   **I.      Statute of Limitations.**

19           The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition.

20   *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  AEDPA imposes a one-year period of limitation on

21   petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant section

22   reads:

23           (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a
             person in custody pursuant to the judgment of a State court. The limitation period shall run
24           from the latest of

25                   (A) the date on which the judgment became final by the conclusion of direct
                     review or the expiration of the time for seeking such review;
26
                     (B) the date on which the impediment to filing an application created by State
27                   action in violation of the Constitution or laws of the United States is removed, if
                     the applicant was prevented from filing by such State action.
28

                                                3                                    11cv2365 JLS (NLS)

1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

5

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

7

28 U.S.C. § 2244(d).

8

**A.       Date Conviction Became Final.**

9

Absent exceptions, the statute of limitations started the date the judgment became final.  28

10

U.S.C. § 2244(d)(1)(A).  The California Court of Appeal made a decision on Gutierrez's direct appeal

11

on November 26, 1997.  Lodgment 9.  He did not file a petition for review.  Therefore, his conviction

12

became final forty days after the Court of Appeal filed its opinion.  *Smith v. Duncan*, 297 F.3d 809, 813

13

(9th Cir. 2001).

14

Here, unless Gutierrez is entitled to a later start date under a later discovery of the factual

15

predicate of his claim, or under equitable tolling, the statute of limitations for the filing of his federal

16

habeas petition expired on January 5, 1998.

17

**B.       Discovery of Factual Predicate for Claim.**

18

Gutierrez argues he is entitled to a later start of the limitations period because he did not discover

19

the factual predicate of his claim until some time around March 7, 2011.  He declares that as of March 7,

20

2011, he had only recently obtained the grand jury transcripts from his 1994 trial.  Pet'n Ex. D.  He

21

initially thought that these transcripts had never been provided to trial counsel.  *Id.*  He later learned

22

from habeas counsel that trial counsel must have had them, because he used them to impeach a witness

23

on another matter.  *Id.*

24

The one year statute of limitations may start on " the date on which the factual predicate of the

25

claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C.

26

§ 2244(d)(1)(D).  The burden to show due diligence is on the petitioner.  *Majoy v. Roe*, 296 F.3d 770,

27

777 n.3 (9th Cir. 2002).  The statute begins to run when the facts are known to the petitioner, and not

28

when their legal significance is discovered: "Time begins when the prisoner knows (or through diligence

1 could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v.*

2 *Galaza*, 254 F.3d 1150, 1154 n.3 (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Further,

3 "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a

4 petitioner must have discovered (or with the exercise of due diligence could have discovered) facts

5 suggesting both unreasonable performance and resulting prejudice." *Hasan*, 254 F.3d at 1154.

6      Here, Gutierrez does not allege any facts showing he acted with due diligence to obtain the grand

7 jury transcripts. His trial occurred in 1994. He was present at the trial, and admits that his trial counsel

8 used the grand jury transcripts at trial to impeach a witness. Gutierrez does not explain the 13 year

9 delay between the expiration of the statute of limitations in 1998 and his obtaining the grand jury

10 transcripts in 2011. He simply says that while he may have been aware the transcripts existed, he did

11 not get a copy of them until recently. Opp'n, p.2. He also blames any lack of diligence on appellate

12 counsel, who was allegedly ineffective for not telling him about the exculpatory evidence. *Id.*

13      Because Gutierrez's counsel used the grand jury transcripts at trial, and Gutierrez, who was

14 present at the trial, knew that they existed, and because Gutierrez does not show that he acted with due

15 diligence, Gutierrez is not entitled to a later start date under section 2244(d)(1)(D). To the extent

16 Gutierrez bases his claim on ineffective counsel, because counsel used the grand jury transcripts at trial,

17 Gutierrez would have been aware at the time of trial of the facts showing an alleged unreasonable

18 performance of counsel and of the resulting prejudice.

19      Further, the fact that Gutierrez only recently learned of the grand jury testimony regarding the

20 red Mustang constitutes, at best, additional evidence of his defense that he did not drive the red Mustang

21 on the night of the shooting,[1] as opposed to new evidence, that could trigger the later start date of the

22 statute of limitations. *See Stringer v. Marshall*, 2011 WL 666897, *4, 2011 U.S. Dist. LEXIS 13727,

23 *9-*10 (E.D.Cal. Feb 11, 2011) (stating that petitioner knew the important facts underlying his claim of

24 third-party culpability before trial); *Hunt v. Hill*, 2011 WL 1543045, *4, 2011 U.S. Dist. LEXIS 44117,

25 * (C.D.Cal. Mar 10, 2011) (finding that additional evidence did not change the contour of petitioner's

26 claim and was thus not a new factual predicate to justify a later start date under section 2244(d)(1)(D)).

27

28      [1]In his defense, Gutierrez's girlfriend testified that she drove her red Mustang home that night, and that he stayed at her home and did not leave that evening. Lodgment 5 at 7; Pet'n, Mem. Ps&As, p.13.

1    This court therefore finds that Gutierrez was aware of the facts supporting his ineffective

2  assistance of counsel claim at trial, and he is not entitled to a later start date of the statute of limitations

3  based on later discovery of the factual predicate of his claim.

4  **II.    Tolling.**

5       **A.    Statutory Tolling.**

6    A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition

7  is "pending" in the state court. 28 U.S.C. § 2244(d)(2). The "statute of limitations is tolled from the

8  time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final

9  collateral challenge," provided the petitions are properly filed and pending that entire time. *Nino v.*

10 *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once the statute is expired, it cannot be revived by

11 collateral proceedings. *See Ferguson v. Palmateer*, 321 F.3d 820, 822-832 (9th Cir. 2003).

12    Here, Gutierrez filed his first collateral state petition on June 15, 2011, over 13 years after the

13 statute expired. Thus, he is not entitled to any statutory tolling.

14       **B.    Equitable Tolling.**

15    The one-year limitations period under AEDPA is subject to equitable tolling. *Holland v. Florida*,

16 __ U.S. __, 130 S. Ct. 2549, 2554 (2010). Petitioner bears the burden to prove that equitable tolling is

17 appropriate, and must establish that (1) he has been pursuing his rights diligently; and (2) some

18 extraordinary circumstance stood in his way of timely filing a petition. *Id.; Pace v. DiGuglielmo*, 544

19 U.S. 408, 418 (2005); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The

20 determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent."

21 *Espinoza-Matthews*, 432 F.3d at 102, *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

22 Further, equitable tolling "is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

23 1999).

24    This court has already established that Gutierrez did not diligently pursue his rights in trying to

25 timely file a federal habeas petition. He also does not point to any extraordinary circumstances that

26 stood in his way of filing. While Gutierrez says he was diligent in hiring an attorney and filing for

27 collateral relief after he reviewed the grand jury transcripts, he does not show any diligence or explain

28 any extraordinary circumstances for the 13 years between the finality of his conviction and his obtaining

1 | of the grand jury transcripts.  Therefore, he is not entitled to equitable tolling.

2 |       Further, to allow the claim to go forward would undermine AEDPA's purpose to promote

3 | finality in state court judgments.  *Duncan v. Walker*, 533 U.S. 167, 178-179 (2001).

4 | **CONCLUSION**

5 |       For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an

6 | Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion

7 | to Dismiss; and, (3) dismissing the Petition with prejudice.

8 |       **IT IS ORDERED** that no later than **January 6, 2012**, any party to this action may file written

9 | objections with the Court and serve a copy on all parties.  The document should be captioned

10 | "Objections to Report and Recommendation."

11 |       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

12 | served on all parties no later than **January 13, 2012**.  The parties are advised that failure to file

13 | objections with the specified time may waive the right to raise those objections on appeal of the Court's

14 | order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156

15 | (9th Cir. 1991).

16 | DATED:  December 16, 2011

17

18 | Hon. Nita L. Stormes
U.S. Magistrate Judge

19 | United States District Court

11cv2365 JLS (NLS)