# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL GUTIERREZ,<br><br>                   Petitioner,<br>vs.<br><br>GREG LEWIS, Warden,<br><br>                   Respondent. | CASE NO. 11CV2365 JLS (NLS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING MOTION TO DISMISS**<br><br>(ECF Nos. 7, 11) |

     Presently before the Court is Respondent Greg Lewis's ("Respondent") motion to dismiss Petitioner Jose Manuel Gutierrez's ("Petitioner") petition for writ of habeas corpus. (MTD, ECF No. 7) Also before the Court are Magistrate Judge Nita L. Stormes's Report and Recommendation ("R&R") recommending the Court grant Respondent's motion and dismiss the petition with prejudice (R&R, ECF No. 11), and Petitioner's objections to the R&R, (Obj., ECF No. 12). For the reasons stated below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **GRANTS** the motion to dismiss.

     Magistrate Judge Stormes's R&R contains a thorough and accurate recitation of the procedural history and facts underlying Petitioner's habeas petition. (R&R 2–3, ECF No. 11) This Order incorporates by reference the facts as set forth in the R&R.

//
//

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts

pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Petitioner challenges his conviction on the basis of ineffective assistance of counsel in violation of the Sixth Amendment because both his trial and appellate counsel knew about and did not use at trial or on appeal exculpatory evidence from a search of Petitioner's girlfriend's car.[1] (Mem. ISO Pet. 12, ECF No. 1-1) Respondent moved to dismiss this petition as time barred, and the R&R recommends granting Respondent's motion and dismissing the petition with prejudice. (R&R 1, ECF No. 11) Petitioner objects to the R&R on two grounds: (1) Petitioner should be

---

[1] According to Petitioner, his girlfriend's car was the vehicle he was identified as driving during the shooting for which he was convicted. While Petitioner's girlfriend was visiting him in jail, the car was impounded and searched by police, but no bullets, bullet casings, or other incriminating evidence was found. (Mem. ISO Pet. 12–13, ECF No. 1-1)

entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D); and (2) Petitioner is entitled to equitable tolling.[2]

**1. Later Start Date**

*A. Summary of the R&R's Conclusions.*

Magistrate Judge Stormes determined that Petitioner was not entitled to a later start date under § 2244(d)(1)(D) because Petitioner "does not allege any facts showing he acted with due diligence," nor does he "explain the 13 year delay between the expiration of the statute of limitations in 1998 and his obtaining" the alleged new evidence. (R&R 5, ECF No. 11) Specifically, although Petitioner claimed "he had only recently obtained the grand jury transcripts from his 1994 trial," and that he learned from habeas counsel that both trial and appellate counsel had access to the transcripts, Petitioner states only that "he did not get a copy of [the transcripts] until recently," with no further explanation of acting diligently in obtaining them. (*Id.* at 4–5) The R&R additionally concluded that because trial counsel used the grand jury transcripts to impeach a witness at trial, Petitioner was aware of the factual predicate for his ineffective assistance of counsel claim at the time of trial. (*Id.*)

*B. Objections to the R&R's Conclusions*

In his objections, Petitioner reasserts that "the factual predicate for his claims were (sic) not discovered until recently." (Obj. 1, ECF No. 12) Petitioner contends that he "diligently" hired counsel to review his case, and "maintained his innocence and continue[d] searching on his own for evidence to prove [his innocence]." (*Id.* at 2) And although Petitioner concedes that he "may have recognized that [trial] counsel was using a transcript to cross-examine witnesses at trial, Petitioner clearly did not have the entire transcript at that time and did not know what additional information besides the statements counsel was using for impeachment were contained therein." (*Id.*) He concludes that "upon learning about such information, [Petitioner] diligently proceeded

---

[2] Under 28 U.S.C. § 2244(d)(1), a state court prisoner has one year to seek federal habeas corpus relief from a state court judgment. In most cases, this time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final on January 5, 1998. Thus, absent a basis for a later start date or for equitable tolling, Petitioner's federal habeas petition must have been filed by January 5, 1999.

through the state courts" and should therefore be entitled to a later start date. (*Id.*)

*C. Analysis*

Although the AEDPA limitations period typically begins on the date the state-court judgment becomes final, a petitioner may be entitled to a later start date in certain circumstances, including:

> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner contends he is entitled to a later start date under subsection (D).

Pursuant to § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). In order "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Id.* at 1154. Petitioner bears the burden of proving that he exercised due diligence in discovering the factual predicate for his claim in order for the statute of limitations to begin running from the date he discovered the factual predicate of the claim. *See Majoy v. Roe*, 296 F.3d 770, 777 n.3 (9th Cir. 2002).

Here, Petitioner claims to have discovered the factual predicate for his ineffective assistance of counsel claim in March 2011, when he obtained and reviewed the grand jury transcript. (Obj. 1, ECF No. 12; Mem. ISO Pet. 4, ECF No. 1-1) But this discovery did not take place until approximately thirteen years after Petitioner's conviction became final in 1998. (*See* Pet. 1, ECF No. 1) Despite this lengthy delay, Petitioner fails to explain, as is his burden, that he used due diligence in searching out this potential evidence over the course of the thirteen years after his conviction became final. (*See* Obj. 1–2, ECF No. 12; Mem. ISO Pet. 4, ECF No. 1-1)

//

Petitioner claims to have exercised diligence by proceeding through the state court system with habeas petitions after he discovered the information contained in the grand jury transcripts. (Obj. 2, ECF No. 12)  As such, Petitioner's claims of diligence cover only the time period *after* the discovery of the alleged evidence.  But what this Court must examine for due diligence purposes is the time *between* the date Petitioner's conviction became final and the date Petitioner filed his habeas petition.  *See, e.g.*, *Stringer v. Marshall*, 2011 U.S. Dist. LEXIS 13727, at *9 (E.D. Cal. Feb. 11, 2011) ("[Section] 2244(d)(1)(D) does not provide for a later start-date based on when the factual predicate should have been diligently *acted on*, but when it could have been diligently *discovered*.").  Petitioner has offered no justification for his thirteen-year delay in discovering the grand jury transcripts.

The Court is especially troubled by this unexplained thirteen-year delay in light of the fact that Petitioner was aware of the existence of the grand jury transcripts at the time of trial.  Though Petitioner may not have been aware of which transcripts trial counsel used to impeach the witness, or of the entirety of the contents of those transcripts, he concedes that he was aware "that counsel was using a transcript to cross-examine the witness at trial."  (Obj. 2, ECF No. 12)  Petitioner has identified no impediment to his obtaining any and all transcripts pertaining to his 1994 trial, and accordingly the Court is compelled to conclude that "with the exercise of due diligence [Petitioner] could have discovered" the transcripts—and hence the factual predicate for his ineffective assistance of counsel claim—long before March 2011.  *Hasan*, 254 F.3d at 1154; *see also Hunt v. Hill*, 2011 U.S. Dist. LEXIS 44117, at *11 (C.D. Cal. Mar. 10, 2011) ("[E]ven assuming that the arson reports contained new exculpatory evidence, the arson reports were readily discoverable at any time during trial or thereafter.").

For these reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS IN PART** the R&R as to this issue.  Because Petitioner's petition, response in opposition to the motion to dismiss, and objections all focus on the wrong time period for purposes of the due diligence inquiry, the Court declines to adopt Magistrate Judge Stormes's recommendation to dismiss the petition with prejudice.  The Court will give Petitioner an opportunity to amend the petition in order to allege that he was diligent in discovering the factual predicate for his

1  ineffective assistance of counsel claim. In amending his petition, however, Petitioner is advised
2  that "Section 2244(d)(1)(D) applies to those who *could not* discover the factual predicate for their
3  claims, not those who 'sleep on their rights.'" *Carrillo v. Cate*, 2009 U.S. Dist. LEXIS 72852, at
4  *7 (S.D. Cal. June 18, 2009) (emphasis added) (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th
5  Cir. 1999)); *accord Mathis v. Uribe*, 2009 U.S. Dist. LEXIS 96804, at *13 (S.D. Cal. Oct. 20,
6  2009) (declining to give the petitioner a later start date under § 2244(d)(1)(D) and noting that the
7  petitioner did not file his petition until "more than thirteen years after the period of limitation had
8  expired").

**2. Petitioner Is Not Entitled to Equitable Tolling.**

*A. Summary of the R&R's Conclusions.*

Magistrate Judge Stormes determined that Petitioner "is not entitled to equitable tolling" because Petitioner "does not point to any extraordinary circumstances that stood in the way of filing." (R&R 6–7, ECF No. 11) Specifically, the R&R notes that Petitioner "does not show any diligence or explain any extraordinary circumstances for the 13 years between the finality of his conviction and his obtaining" the transcripts. (*Id.*)

*B. Objections to the R&R's Conclusions.*

Petitioner asserts that he "diligently pursued his rights in trying to timely file a federal habeas petition." (Obj. 2, ECF No. 12) Petitioner goes on to recount a timely appeal of the original conviction, the hiring of an attorney to review the case after that appeal failed, and that in spite of the hard work of various counsel, only recently did Petitioner, on his own, acquire the grand jury transcripts. (*Id.* at 2–3) Finally, Petitioner states that as soon as the evidence was discovered, he "immediately hired present counsel to represent him." (*Id.* at 3)

*C. Analysis*

"The timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). Petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The determination of whether a petitioner is

1  entitled to equitable tolling is "highly fact-dependent," and the petitioner "bears the burden of
2  showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021,
3  1026 (9th Cir. 2005) (citations omitted) (internal quotation marks omitted).

4  Here, Petitioner conclusively states that he "diligently pursued his rights in trying to timely
5  file a federal habeas petition." (Obj. 2, ECF No. 12)  Petitioner's only claim of diligence is the
6  fact that he hired an attorney to review his case after his direct appeal and petition for review was
7  denied. (*Id.*)  And Petitioner again states—with no explanation for the thirteen-year delay—that
8  he "only recently came into possession of [the grand jury] transcripts," and acted diligently upon
9  their discovery. (*Id.* at 3)

10  As the Court has already concluded, however, Petitioner fails to account for how he
11  "diligently pursued his rights" throughout the passage of thirteen years between the date his
12  conviction became final and the date he "came into possession" of the grand jury transcripts.
13  Moreover, Petitioner points to no extraordinary circumstance that stood in his way.  Petitioner
14  states only that he hired an attorney at some point during that thirteen-year gap to review his case,
15  and that Petitioner was never told the contents of the grand jury transcripts. (Obj. at 2–3)  Neither
16  of these bare facts provides an extraordinary circumstance that would prevent the timely filing of
17  Petitioner's habeas petition.

18  For these reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the
19  R&R as to this issue.

20  **3. Petitioner Is Not Entitled to Statutory Tolling.**

21  Petitioner does not object to the R&R's finding that he is not entitled to statutory tolling.
22  (*See generally* Obj.)  In the absence of a timely objection, "the court need only satisfy itself that
23  there is no clear error on the face of the record in order to accept the recommendation."  Fed. R.
24  Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th
25  Cir. 1974)).  Here, after reviewing both the Record and the R&R, the Court finds that the R&R is
26  thorough, well-reasoned, and contains no clear error.  Accordingly, the Court **ADOPTS** the R&R
27  as to this issue.

28  //

**CONCLUSION**

For the reasons stated above, the court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss. Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** to Petitioner's alleging facts supporting his claim of diligence in obtaining the factual predicate for his ineffective assistance of counsel claim.

**IT IS SO ORDERED.**

DATED: July 2, 2012

Honorable Janis L. Sammartino
United States District Judge